IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RONALD RAY NORMAN, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-22-2927 |
| § | |
| WARDEN LAMMER, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Federal inmate Ronald Ray Norman was convicted in 2014 in the Southern District of Texas of being a felon in possession of ammunition and a felon in possession of a firearm. He received a 252-month prison sentence based on his Armed Career Criminal Act status and his prior convictions. *See United States v. Norman*, 4:14-cr-219-1 (S.D. Tex., Houston Div.). Norman filed a motion to vacate under 28 U.S.C. § 2255, which was denied. (*See id.* at Docket Entry No. 153). Norman has now filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his 2014 sentence is illegal in light of *Mathis v. United States*, 579 U.S. 500 (2016) and *Johnson v. United States*, 576 U.S. 591 (2015). (*See* Docket Entry No. 1 at 1–2). Relying on the savings clause of 28 U.S.C. § 2255(e), he argues that his sentence is no longer valid under *Mathis* and *Johnson*. (*Id.* at 4–10).

Norman invokes jurisdiction under 28 U.S.C. § 2241. A motion under 28 U.S.C. § 2255 is the primary means of collaterally attacking a federal conviction and sentence. *Hammoud v. Ma'at*, 49 F.4th 874, 878 (5th Cir. 2022). A petitioner, however, "also may attack the validity of his conviction through a § 2241 petition, pursuant to § 2255's 'savings clause,' if he can show the remedy under § 2255 would be inadequate or ineffective to test the legality of his detention."

*Alsop v. Chandler*, 551 F. App'x 217, 218 (5th Cir. 2014) (per curiam); see also *Padilla v. United States*, 416 F.3d 424, 425–26 (5th Cir. 2005). "Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255." *Padilla*, 416 F.3d at 426 (citing *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999)).

Although Norman was sentenced in the Southern District of Texas, he is currently incarcerated in Victorville, California. Because this court is not the custodial court, it lacks subject matter jurisdiction to determine whether Norman's claims are properly brought under § 2241 through the savings clause of § 2255.

Norman's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is dismissed, without prejudice, for lack of subject matter jurisdiction.

SIGNED on February 16, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge